IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 01-94-GBW |
| ALVIN DRUMMOND, | |
| Defendant. | |

## MEMORANDUM ORDER

Pending before the Court are Defendant Alvin Drummond's Motion for Relief or Reduction of Sentence ("Motion for Relief or Reduction") (D.I. 85) and Motion for Counsel (D.I. 86). Both motions were filed *pro se*. For the reasons below, the Court denies Defendant's Motion for Relief or Reduction (D.I. 85) and Defendant's Motion for Counsel (D.I. 86).

**I.   BACKGROUND**

On December 11, 2001, a federal grand jury returned an indictment charging Defendant with two (2) counts of distribution of over five (5) grams of a cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). D.I. 1. On July 22, 2002, a two-day jury trial was held and Defendant was found guilty on all counts. D.I. 37. A sentencing hearing was held on October 16, 2002. During the sentencing hearing, the Court determined, using the applicable United States Sentencing Commission Guidelines ("U.S.S.G.") at the time, that the drug quantity table in U.S.S.G. § 2D1.1(c) produced a base offense level of 32. D.I. 57 at 3:17-20. Defendant also was found to be a career offender under U.S.S.G § 4B1.1 and, as a result, his total offense level was 34. *Id.* at 4:3-7. Defendant had 18 criminal points which placed him in the criminal history category of VI. *Id.* at 4:15-17. Defendant's total offense level of 34 and a criminal history

category of VI resulted in a sentencing guidelines range of 262-327 months of incarceration. *Id.* at 4:23-25. On October 16, 2002, the Court sentenced Defendant to a total of 327 months of imprisonment on Counts One and Two to run concurrently with Defendant's state sentence to commence on October 16, 2014. Defendant also was sentenced to four years of supervised release. D.I. 50 at 2.

On September 5, 2025, Defendant filed his Motion for Relief or Reduction pursuant to 18 U.S.C. § 3582(c)(2) seeking to reduce his federal sentence based on changes to the sentencing guidelines. The changes to the sentencing guidelines reduced the sentencing disparity between cocaine and crack cocaine. D.I. 85. In his Motion for Relief or Reduction, Defendant contends that, under the 2024 U.S.S.G.,[1] his total offense level is 24 and his criminal history category is VI, resulting in a sentencing guidelines range of 100-125 months of imprisonment. On December 1, 2025, the Government filed its opposition to the Motion for Relief or Reduction asserting that Defendant is a career offender and, thus, he is not eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). D.I. 89.

## II.   DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582 which provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—

---

[1] The United States Sentencing Commission released the 2025 Guidelines Manual in November 2025, shortly after Defendant filed his Motion. Because the applicable provisions remained unchanged between the 2024 and 2025 editions, the Court will consider the Motion in light of the 2025 Guidelines Manual.

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). In 2010, the Fair Sentencing Act reduced the sentencing disparity between crack cocaine and powder cocaine from 100:1 to 18:1. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 269 (2012). However, sections of the Fair Sentencing Act could not be applied retroactively until 2018 when Congress passed Section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Section 3582(c) allows for a reduction of sentence if two requirements are met: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013). A sentence reduction is inconsistent with stated Sentencing Commission policy if, for example, the newly retroactive Guidelines amendment relied on by the defendant "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The guidelines for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) is found in U.S.S.G. § 2D1.1, and it currently calls for a base offense level of 24. The base offense level was revised subsequent to Defendant's sentencing in this action. The base offense level was 32 at the time of Defendant's sentencing in 2002. At sentencing, two levels were added to Defendant's base

offense level pursuant to U.S.S.G. § 4B1.1 because Defendant was a career offender. That two-level increase resulted in a total offense level of 34 at the time of Defendant's sentencing. The recent amendments did not alter the offense levels applicable to career offenders. Thus, Defendant's offense level remains 34 as a career offender. *See* U.S.S.G. § 4B1.1. Defendant's Motion for Relief or Reduction, however, does not address the career offender guidelines. Also, as Defendant acknowledges, his criminal history category remains VI. Therefore, at a total offense level of 34 and a criminal history category of VI, the current sentencing guidelines range remains at 262-327 months of imprisonment pursuant to U.S.S.G. § 5A.

Given the above, Defendant is not eligible for reduction based on "a sentence range that has subsequently been lowered by the Sentencing Commission." D.I. 85 at 6. Defendant's sentence was not based on the drug-offense levels amended by Amendments 750 and 782. Rather, Defendant's sentence was based on his status as a career offender under U.S.S.G. § 4B1.1, which has not changed. *See United States v. Martin*, 867 F.3d 428, 433 (3d Cir. 2017) ("[Defendant's] applicable Guidelines range was the career offender range . . . . And because that range has not been lowered by any amendment to the Guidelines, [Defendant] was not eligible for a sentence reduction pursuant to § 3582(c)(2)."); *see also United States v. Landon*, 669 F. App'x 85, 87 (3d Cir. 2016) ("Therefore, even if [Defendant] qualified for the amendment's reduction, it would not change the applicable guideline range because the higher offense level for a career offender under the guidelines would apply. Because [Defendant], as a career offender, would be sentenced under the same guidelines range under U.S.S.G. § 4B1.1, regardless of the amendment, he is not eligible to have his sentence reduced under 18 U.S.C. § 3582(c)(2)."). Therefore, Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated above, the Court denies Defendant's Motion for Relief or Reduction of Sentence (D.I. 85). Given the Court denies Defendant's Motion for Relief or Reduction of Sentence (D.I. 85), the Court also denies Defendant's Motion for Counsel (D.I. 86).

\* \* \* \* \*

WHEREFORE, at Wilmington this 4th day of December 2025, **IT IS HEREBY ORDERED** that Defendant Alvin Drummond's Motion for Relief or Reduction of Sentence (D.I. 85) and Motion for Counsel (D.I. 86) are **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE